IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GREGORY MILTON,** | : | CIVIL NO. 1:CV-04-1586 |
| **Plaintiff,** | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| **M.E. RAY, ET AL.,** | : | |
| **Defendants** | : | |

## AMENDED MEMORANDUM

On July 13, 2006, this court entered a memorandum disposing of plaintiff's motion pursuant to FED.R.Civ.P. 52(b) and 59(e) (Doc. 31), for reconsideration of this court's August 31, 2005 memorandum and order granting defendants' motion for summary judgment, entering judgment in favor of defendants and closing the case. (Doc. 29). For the reasons set forth below, the memorandum is amended as follows.

Rule 52(b) states that "[o]n a party's motion filed no later than 10 days after entry of judgment, the court may amend its findings. . . ." FED. R. Civ. P. 52(b). Likewise, a motion under Rule 59(e) states that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." FED. R. Civ. P. 59(e). Judgment was entered on August 31, 2005. Plaintiff did not file his motion for reconsideration until September 20, 2005. The motion is therefore untimely.

However, the court will liberally construe the motion as one pursuant to Rule 60(b) which "shall be made within a reasonable time" and states that "[t]he court may relieve a party. . . from a final judgment, order or proceeding for the following reasons: (6) any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(6).

Plaintiff states that the court must reconsider the order of dismissal to prevent manifest injustice. Essentially, he argues that the court "misconstrued his constitutional claims as only

challenging the two (2) disciplinary proceedings under <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974)." (Doc. 31).  Review of plaintiff's amended complaint (Doc. 7) and his opposition to the defendants' motion for summary judgment (Doc. 25) confirms that plaintiff was also pursing a "fair notice and freedom of speech" claim "associated with his alleged violation of Federal BOP disciplinary regulations[,] i.e., Prohibited Act Code (PAC) 397."  (Doc. 31, p. 1).  Plaintiff's motion will be granted and the matter will be reopened to consider plaintiff's fair notice and freedom of speech claim.

     **AND NOW**, this 18th day of August 2006, **IT IS HEREBY ORDERED THAT** the court's memorandum of July 13, 2006 (Doc. 36) is amended as follows:

    1. Plaintiff's motion for reconsideration (Doc. 31) pursuant to FED.R.Civ.P. 52(b) and FED.R.Civ.P. 59(e) is DENIED.

    2. Plaintiff's motion is construed as a motion pursuant to FED.R.Civ.P 60(b)(6) and is GRANTED.

    3. The Memorandum and Order dated August 31, 2005, is AMENDED as follows:

        a. Defendants' motion for summary judgment (Doc. 20) is GRANTED as to plaintiff's Fourteenth Amendment claims.

        b. Entry of judgment on this claim is DEFERRED until further order of court.

        c. Defendants shall file a responsive pleading or appropriate pretrial motion addressing plaintiff's "fair notice and freedom of speech" claim "associated with his alleged violation of Federal BOP disciplinary regulations[,] i.e., Prohibited Act Code (PAC) 397."  (Doc. 31, p. 1) on or before September 1, 2006.

    4. The Clerk of Court is directed to REOPEN this case.

                                    S/ Yvette Kane
                                    Yvette Kane
                                    United States District Judge